# Ignac Baranowski v. The Baltimore Mutual Aid Society of Baltimore, Md., Appellant.

*Beneficial association—Contract—Interpretation—Province of court.*

A certificate issued by a mutual aid society entitling a member to benefits is a contract between them, and the rights of both parties are to be determined thereunder. The interpretation of the provisions of this certificate is for the court.

*Contract—Construction of benefit certificate—Waiver.*

Where a benefit certificate provides for return of premiums and cancelation of certificate in event of sickness within twenty weeks from its date,

an acceptance of weekly instalments after proof of sickness works a waiver of such right of cancelation and justifies recovery of sick benefits after the expiration of twenty weeks.   Such conditions do not work a waiver on the part of the beneficiary.

Argued Dec. 9, 1896.   Appeal, No. 119, Nov. T., 1896, by defendant, from judgment of C. P. Lehigh Co., April T., 1895, No. 87, on verdict for plaintiff.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal from judgment of alderman.   Before ALBRIGHT, P. J.

The form of the action was assumpsit to recover on a certificate for sick benefits.

On August 13, 1894, defendant company issued a policy, or as called by the company, a certificate of insurance for the consideration of 25 cents weekly dues, in the sum of $62.50 for death benefits and $6.25 per week for sick benefits.   This certificate, together with a receipt book for the crediting of the weekly dues paid by the plaintiff and a "sick card" (a blank form to be filled out by insured in case he became entitled to benefits by reason of sickness, and forwarded to the company as notice of his claim) were duly delivered by defendant to plaintiff.

The certificate provides, inter alia : " Provided, however, that in case sickness or accident or death should occur to the member named in the certificate within the first twenty weeks from the date of the certificate, the society shall return the premiums that have been paid and cancel this certificate."   And again, in the eleventh clause, " and before any payment can be claimed under this certificate, said certificate and receipt book must be surrendered to the society."

Plaintiff was taken sick on or about November 21, 1894, fourteen weeks and two days after issuing of the certificate, or five weeks and five days before expiration of the twenty weeks of probation required as a condition precedent.   The twenty weeks expired on December 31, 1894, up to which time plaintiff's premiums had been paid, and without any further payments under the terms of the certificate the insurance would not lapse until four full weeks after that date, if, in other respects the terms of the contract were fulfilled.   He also paid on January 18, 1895, two more weekly premiums for weeks ending January 7,

and 14, 1895, which extended the beneficial period two weeks longer, if he had been entitled to any benefits at all, when these two payments were made. After the last payment no more premiums were paid by plaintiff, and under the terms of the contract the insurance lapsed four weeks after January 14, 1895, and the certificate became null and void.

About November 26, 1894, plaintiff sent his sick card to the company. There was evidence that the agent called upon plaintiff and informed him that he was not entitled to sick benefits because he became sick before the expiration of twenty weeks from the date of his policy; that all he could ask and receive under the circumstances was the return of the weekly premiums he had paid to the company, upon the surrender of his book and policy. To which the reply was made: "We do not want that, we want sick benefits;" on which the company's agent told him that plaintiff could not get.

On January 18, 1895, two more weeks' dues were paid and accepted. On January 19, 1895, suit was brought before the alderman. On February 18, 1895, the policy was lapsed for arrears.

Verdict for plaintiff for $13.00. Defendant appealed.

*Errors assigned* were, (1) in instructing the jury as follows: " Under the view we take of the contract between the parties, and the law applicable to it, the plaintiff is entitled to recover if you find that he was sick and disabled during two weeks after January 1, 1895."

(2) In charging the jury as follows: " If the member falls sick within twenty weeks after he became insured, the company may terminate the policy; they may cancel it; and the policy says that the society shall return the premiums paid and cancel this certificate. Although it says they shall do it they are not bound to do it. They may leave it remain in force and may continue to treat the member as a member; they could take his dues after that; they could decline to avail themselves of this privilege of canceling the policy. My view of the law governing this case is, that if this company, before Baranowski had sued them for the benefits, had tendered back to him the premiums which he had paid—if they had paid them to him and he had taken them, that that would have been a cancela-

tion of the policy whether he had surrendered it or not, or if they had offered him the money, made what in law amounts to a tender—taking money which is a legal tender and showing it and offering to give it to the plaintiff—if they had done that, even if Baranowski had not taken the money, we would say that it would have amounted to the same thing as if it had been paid into his hands, and then the policy would have been canceled and at an end. The eleventh clause, as I said before, relates only to the claim for premium that has been paid: Its provision that the policy must have been surrendered applies only to the insured, to the member; it says ' before any payment can be claimed under this certificate there must be a surrender.' But Baranowski is not claiming premiums here; he is claiming sick benefits."

(3) In charging the jury as follows: " Although he could not claim for his sickness and disability until the twenty weeks were up, yet when the twenty weeks from the date of the policy were up, and if he was then sick, even though it was a continuance of a former sickness, he is entitled to recover; and if you find that he was sick and disabled so as to fulfill the condition of the policy as to sickness, for two weeks after January 1, 1895, then you may find for plaintiff."

(4) In negativing defendant's point,—" that under all the evidence the verdict must be for the defendant."

*Morris Hoats*, for appellant.—Where a rule provides that if a member fails to pay within thirty days after publication of notice of assessment, his policy is forfeited; such rule has been held valid, for " stringent as are the rules in ordinary life policies, they should be more rigidly applied in mutual associations: " Madiera v. Merchants' So'cy, 16 Fed. Rep. 749.

A somewhat analogous question has however been decided more than once, and invariably in favor of the defendant: Nagle v. Glassburger, 10 N. Y. 503; Amer. Dig. 1890, p. 2063, sec. 628; Montgomery v. Ins. Co., 14 Bush. 51; Sims v. Aid Society, 15 C. C. Rep. 642.

In May v. N. Y. Safety Reserve Fund Association, 14 Daly, 389, the court held that " A recital in the certificate of membership issued by a mutual benefit association that agents have no authority to make, alter or discharge this contract, or to

waive forfeitures, binds the party accepting the certificate, though he was induced to apply for membership by representations inconsistent therewith made by the soliciting agent of the association:" Amer. Dig. 1890, p. 2054, sec. 562.

A by-law that a member who is not beneficial when taken sick, is not waived by acceptance of arrearages from such member: Nagel v. Glassburger, 10 N. Y. 503, herein quoted. Substantially to the same effect is the decision in State v. Temperance Association, 42 Mo. App. 485.

*Milton C. Henninger*, for appellee.

OPINION BY BEAVER, J., January 18, 1897:

The certificate issued by the defendant to the plaintiff is the contract between them. The rights of both parties are to be determined thereunder. The interpretation of the provisions of this certificate was for the court. The only questions involved in the case are those concerning its interpretation. The first is under the proviso as to the payment of sick benefits and the second under the eleventh condition as to the surrender of certificate and receipt book. The latter was held by the trial judge in the court below to relate to the repayment of the weekly payments or premiums paid by the assured, in case of a cancelation of the certificate, and not to the payment of sick benefits under the general provisions thereof. In this we think he was correct. If the certificate was not canceled and the beneficiary continued to pay his weekly assessments or instalments provided for in the certificate, it was necessary for him to have his receipt book and also to retain the certificate as the evidence of his membership in the company. As to the interpretation of the proviso relating to sick benefits, we think the trial judge was also correct. That proviso is as follows: " Provided, however, that in case sickness or accident or death should occur to the member named in this certificate within the first twenty weeks from the date of this certificate, the society shall return the premiums that have been paid and .cancel this certificate. After twenty weeks from the date of this certificate, the full weekly sick benefit and one half the funeral benefit will be paid; and, after one year from the date of this certificate, the entire funeral benefit will be paid." It is admitted that the plaintiff's

sickness began within twenty weeks from the date of the certificate. It was undoubtedly within the power of the company to have canceled the contract. It was not bound to do so, however. It did not do so but received two weekly instalments after the expiration of twenty weeks from the date of the certificate. The plaintiff claimed sick benefits after the expiration of twenty weeks. The trial judge in the court below allowed a recovery for sick benefits after the expiration of twenty weeks from the date of the certificate and prior to the institution of the suit. There is no provision in the certificate confining the beneficiary to sick benefits for a sickness beginning after the expiration of twenty weeks from the date of the certificate. Although true it is that the defendant would have the right, in case sickness occurred within the twenty week period, to cancel the certificate, having waived this right and having accepted from the plaintiff the weekly payments provided for in the certificate after the expiration of twenty weeks, it was bound to pay in accordance with the terms of the contract full weekly sick benefits after twenty weeks from the date of the certificate. It is alleged, however, that the plaintiff waived the right to these sick benefits. We do not think so. Jocinski, the agent of the defendant who took the risk, testified: "I told him the same time I insured him that he must wait twenty weeks, before he would get his benefit. I did not tell him that once but five or six times before he understood me. Country people do not understand quick the first time and I told him five or six times plainly that he must wait twenty weeks before he is beneficial." After the sickness occurred, he says: "I told him that he could not receive no money for this sickness." Evidently this agent, as did the other officers of the company, interpreted the contract one way, before it was made, and in a different way after its provisions became operative. Leaving out of view the difficulty which the plaintiff had in understanding the English language and which renders doubtful just what he did assent to, the most that can be said is that he assented to an interpretation placed upon the contract by the defendant or its agents. He did not surrender any rights thereunder. He made no new contract. He waived no remedy. Both parties claim to have a judicial interpretation of their rights under the contract as contained in the certificate. The

question as to whether or not the plaintiff was sick after the expiration of twenty weeks from the date of the policy was left to the jury. The interpretation by the court below of the certificate as to both questions involved in the case was in our opinion correct. The defendant's point that "under all the evidence, the verdict must be for the defendant" was properly negatived, and the only question of fact was submitted to the jury, whose finding thereon should stand. The judgment is affirmed.