Mary R. Kimbrough *v.* Walter Hoffman, Superintendent, and Theodore Voorhees, Chairman of Advisory Committee, representing themselves and others who are associated together as the Philadelphia and Reading Railroad Relief Association, Appellants.

*Railroad relief association—Contractual liability—Words and phrases— Connected and associated or affiliated companies.*

Where the whole project and intendment of a railroad relief association is based upon the control of the business by persons who are interested in the contributions and benefits and where membership is limited to employees of railroads connected and associated with the Reading Railroad, the term " connected and associated " is to be construed as applicable to railroads so recognized by representation in the relief association: it cannot be forced by strained construction to cover companies " affiliated " with the Reading Company in a limited, special and contractual manner, the employees of which were never recognized as eligible to membership in the relief association.

*Practice, C. P.—Province of court and jury—Construction of contract.*

The province of the jury is to settle disputed questions of fact. If no disputed facts exist there is nothing for them to do, and it is for the court to determine the legal effect of the contract.

Argued Oct. 15, 1897. Appeal, No. 107, Oct. T., 1897, by defendants, from judgment of C. P. No. 3, Phila. Co., June T., 1896, No. 131, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Assumpsit to recover benefits. Before GORDON, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $556.50. Defendant appealed.

*Errors assigned* were (1) In submitting to the jury as a question of fact the construction and effect of the written regulations of the Philadelphia and Reading Railroad Relief Association. (2) In submitting to the jury as a question of fact the construction and effect of the written contract between the Atlantic City Railroad Company, the Delaware River Ferry Company and the South Jersey Railroad Company. (3) In refusing binding instructions for defendants.

*John G. Lamb*, for appellants.—The contracts should have been construed by the court: Palmer v. Farrell, 129 Pa. 162; Duffield v. Hue, 129 Pa. 94; Kneedler v. Goodman, 47 L. I. 4; Elliott v. Wanamaker, 9 C. C. 497; Sun Fire Office v. Ermentrout, 11 C. C. 21; Middleton v. Stone, 111 Pa. 589; Bryant v. Hagerty, 87 Pa. 256; Fisher v. Moyer, 17 W. N. C. 500; Foster v. Berg, 104 Pa. 324; Dumn v. Rothermel, 112 Pa. 272.

*J. Whitaker Thompson*, for appellee.—It was not error to submit to the jury the meaning of the word "affiliated" within the intention of the parties: Jones v. Kroll, 116 Pa. 85.

An ambiguity on the face of a written document is for the judge to explain, but if it arises from extrinsic evidence it must be solved by the jury: Beatty v. Ins. Co., 52 Pa. 456; Iron and Railroad Co. v. Stevens, 87 Pa. 190; Krauser v. McCurdy, 174 Pa. 174.

OPINION BY ORLADY, J., November 19, 1897:

The defendant is an association composed of the employees of the Philadelphia & Reading Railroad Company, and the employees of its affiliated, controlled and leased lines, the ob-

ject of which, "is the, establishment and management of an association to be known as the 'Relief Association' for the payment of definite amounts to the contributors to the fund, who under the regulations shall be entitled thereto, when they are disabled by accident or sickness, and in the event of their death, to the relatives or other beneficiaries specified in the application of such contributors."

On July 23, 1894, the plaintiff's husband, Matthew A. Kimbrough was an employee of the Philadelphia & Reading Railroad Company, on what was known as the Reading Division of its system, and on that date he became a member of the defendant relief association. On February 2, 1895, he withdrew from service in the Philadelphia & Reading Railroad Company, and became an employee of the South Jersey Railroad Company. During the next month, and while in the service of the South Jersey Railroad Company, he became sick and went to a hospital where he remained under treatment until May 31st, when he died. On February 28, 1895, in pursuance of the regulations governing the relief association, the Philadelphia & Reading Railroad Company deducted from the wages due by it to Kimbrough for February 1st and 2d (which he had not demanded on retirement from service), his fixed contribution for the relief association for the month of March. The association did not then know that Kimbrough had resigned from the service of the railroad company on February 2d, and on being informed of that fact during the month of March, dropped his name from the rolls of the association, and issued a refunding check for the amount of his contribution for the month of March, which was not delivered to him on account of not knowing his whereabouts.

This suit is brought by the beneficiary, named in his application, to recover from the association the amount to which she would be entitled had he remained in his original employment of the Philadelphia & Reading Railroad Company.

The learned trial judge left it to the jury to find as a question of fact whether the South Jersey Railroad was affiliated with the Philadelphia & Reading Railroad Company within the meaning of the regulations of the relief association. The facts were not disputed. The interpretation of the regulations of the association and the tripartite contract between the Atlantic City

Railroad Company, The Delaware River Ferry Company and Logan M. Bullit, the performance of whose covenants was assumed by the South Jersey Railroad Company, and to determine whether the last named company was affiliated with the Philadelphia & Reading Railroad Company were questions of law for the court, and the construction of these writings must be made in the light of the plaintiff's claim as the beneficiary of her husband.

Her right to recover for death benefits can rise no higher than his right, if living, to recover for disablement benefits.

It was proved, and not disputed at the trial, that none of the employees of the South Jersey Railroad had ever become members of this relief association; that when an employee ceased to be in the employ of the railroads enumerated in the regulations of the relief association, and became an employee of the South Jersey Railroad, a transfer certificate continuing his membership in the association was not issued to him; that the South Jersey Railroad was not named in the list of companies entitled to representation on the advisory committee of the association, though the edition of the regulations in evidence was issued the year following the tripartite agreement.

In the application for membership in the association, which was signed by the plaintiff's husband, it is provided, inter alia, " I do hereby further acknowledge, consent and agree that . . . . my resignation from the service of the said company (Philadelphia & Reading) my employer, or my being relieved from employment and pay therein at the pleasure of the company, or its proper officers, shall forfeit my membership in the aforesaid relief association, and all benefits, rights or equities arising therefrom. . . .

" The responsibility of the relief association to any member shall end when he ceases to be employed by the company, excepting for benefits to the payment of which he shall have become previously entitled by reason of accident or sickness occurring while in the service."

By paragraph 14, of the regulations it is provided: " In referring to the employee of the company, the expressions ' service ' and ' in the service,' will refer to employment upon or in connection with any of the railroads or works, the employees of which shall be admitted to membership in this relief association,

and the service of any employee shall be considered as ' continu-
ous' from the date from which he has been continuously em-
ployed, without interruption, upon or in connection with either
of such railroads or works, or two or more of them successively."

It was admitted by the defendant that the majority of the
stock of the Atlantic City Railroad Company and of the Dela-
ware River Ferry Company was owned by the Philadelphia &
Reading Railroad Company, and that these companies were con-
trolled lines within the meaning of the regulations of the relief
association.    It is evident, from the regulations of this associa-
tion, that only persons entitled to membership therein as con-
tributing members should be entitled to receive the benefits
provided for, and that the membership should be limited to
employees of railroads connected and associated with the Phila-
delphia & Reading Railroad Company, so as to make each indi-
vidual vote potential in the selection of the officers who would
direct the affairs of the association.

The whole project is based upon the control of the business
by persons who are interested in the contributions and benefits.

This is not a controversy between the railroad companies, and
its solution depends on the status of Kimbrough at the time he
became an employee of the South Jersey Railroad, and on his
relation to the relief association at that time.

He ceased to be an employee of the Philadelphia & Reading
Railroad Company on February 2, 1895, when by paragraph 56
of the regulations the responsibility of the association ended as
to him, if he did not go into the employ of an affiliated com-
pany.    Under the undisputed evidence, the court should have
held that the South Jersey Railroad Company was not affiliated
with the Philadelphia and Reading within the meaning of the
regulations of the relief association.    If the South Jersey Rail-
road is affiliated with the Philadelphia & Reading Railroad,
within the meaning of the regulations of this association, by
reason of the tripartite agreement, another railroad having sim-
ilar relations with the South Jersey Railroad might well claim
to be affiliated with the Philadelphia & Reading Railroad un-
der the reasons urged by the appellee.    It may be conceded
that the South Jersey Railroad is affiliated with the Philadelphia
& Reading Railroad in a limited, special and contractual man-
mer, but the ingenious argument of the appellee puts upon the

word a strained and narrow construction, repugnant to and inconsistent with the purpose and spirit of the regulations of the relief association.

The erroneous detention of the contribution for March out of the wages due for February 1st and 2d, does not change the result. This was done without knowledge of the facts of the case, as Kimbrough failed to give the required notice of withdrawal, and failed to surrender his certificate. By leaving in the hands of his employer the two days' wages, he could not continue in force the contract he had voluntarily canceled.

Taken as a whole, in the light of the admitted facts and circumstances under which Kimbrough became a member of the association, the construction of his contract was a question of law with which the jury had nothing to do. The object of interpretation and construction is, if there be any uncertainty as to the meaning of a contract, to find the intention of the parties. If the contract is clear and unambiguous, there is no room for construction. The parties, in the absence of fraud, accident or mistake, are bound according to the plain words of the contract: Shafer v. Senseman, 125 Pa. 310.

The province of the jury is to settle disputed questions of fact. If no disputed facts exist there is nothing for them to do, and it is for the court to determine the legal effect of the contract: Elliott v. Wannamaker, 155 Pa. 67; Baranowski v. Aid Society, 3 Pa. Superior Ct. 367.

The assignments of error are sustained, and the judgment is reversed.