## Siebrecht *v.* Stewart, Appellant.

*Contract—Exchange of automobiles—Performance.*

Where an owner of an automobile enters into a contract with a dealer to exchange his used car with a cash payment, for a new model, and nothing is said as to the time of performance, the contract must be performed on both sides concurrently; and if the owner makes several tenders of performance, which are refused or evaded by the dealer, he is entitled to recover under the contract; and it is immaterial that he may have used the old car for a considerable mileage in the meantime.

Argued Nov. 15, 1917.    Appeal, No. 226, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., March T., 1917, No. 434, on verdict for plaintiff in case of Fred J. Siebrecht v. James T. Stewart, trading as Stewart Automobile Company.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Assumpsit on a contract for the exchange of an old automobile for a new model.    Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

The jury under instructions by the court rendered a verdict for $360 on which judgment was entered.

*Error assigned* was in directing a verdict for plaintiff.

*Donald S. Edmonds,* for appellant.

*Latimer P. Smith,* for appellee.

OPINION BY WILLIAMS, J., December 13, 1917:

This was an action to recover for the breach of the following agreement to exchange automobiles: "The Stewart Automobile Company of Philadelphia. November 23, 1916. You are hereby authorized to enter my order for one roadster for which I agree to pay the sum of $1085 Plus extra charges if any freight to Philadelphia $35 Total $1120 Credit by allowance on Model No. 639 $960 Balance due upon delivery of car $160. It is mutually agreed that there are no promises, verbal understandings or agreements of any kind pertaining to this order not specified herein. Tires to be changed for tires on No. 639 Touring car now in use. This order when signed by the purchaser and accepted by the Stewart Automobile Co. shall thereupon become binding upon both parties and shall constitute the agreement between the parties for the purchase and sale of the property herein mentioned. (Signed) Fred J. Siebrecht Accepted Stewart Auto Co." Plaintiff continued to use his car while awaiting the arrival of the new one, and after making a number of ineffectual attempts to get defendant to perform, brought this suit March 24, 1917. He proved that his car was worth $600 when the contract was signed. Defendant sought to show that it was the understanding that plaintiff was to immediately deliver his car and then await the pleasure of defendant in the delivery of the new car; and that the mileage of plaintiff's car had been increased from 1,200 to 5,600 miles, up to the time of the trial, in violation of this parol agreement. The court refused to admit this evidence, and gave binding instructions for plaintiff as to defendant's liability under the contract, and left to the jury the amount of damage. From the judgment entered on the verdict the present appeal is taken.

Defendant's assignments of error objecting to the admission and refusal of testimony, not being supported by

exceptions, will not be considered. Those relating to alleged error in the charge, to which he excepted, raised but a single question. Did the agreement contemplate a mutual exchange and a simultaneous delivery of the cars? We think so. "In the absence of anything to show a contrary intent on the part of the parties, a contract for the exchange of property must be performed on both sides concurrently": 17 Cyc. 833. Plaintiff made several tenders of performance, was refused or evaded by defendant, and was entitled to recover under the contract. As there was no ambiguity in the contract, its construction was for the court: Kimbrough v. Hoffman, 6 Pa. Superior Ct. 60.

The judgment is affirmed.